**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2019[*]
Decided June 20, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-1113

| | |
|---|---|
| MATTHEW P. BOROWSKI, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:16-cv-00848-JPG-GCS |
| KIMBERLY BECHELLI, et al., *Defendants-Appellees*. | J. Phil Gilbert, *Judge*. |

## O R D E R

Matthew Borowski, a federal inmate, sues prison officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for First Amendment violations. He contends that the defendants improperly rejected a calendar featuring photographs of scantily clad female models in sexually suggestive poses. The district court granted the defendants' motion to dismiss, concluding that Borowski cannot pursue a First Amendment claim with a *Bivens* action. We affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Borowski is housed at the federal penitentiary in Marion, Illinois—a facility with a Sexual Offender Management Program designed to rehabilitate sexual offenders, like Borowski, and reduce their risk of recidivism. Borowski twice tried to obtain a risqué calendar, once from an outside vendor and once from his mother. But prison officials returned the publications in accordance with mail screening procedures. Citing Bureau of Prisons Program Statement 5266.11, they explained that the calendar was rejected because it contained "sexually explicit material" and "features nudity." *See* 28 C.F.R. §§ 540.71(b)(7), 540.72(a). Borowski disputed those findings through the prison's internal grievance procedure. He relied on his email communications with the vendor in which the vendor stated that the calendar did not feature nudity and confirmed that other federal prisons had not rejected the publication.

When the grievance procedure proved unsuccessful, Borowski brought a *Bivens* suit, alleging violations of his First Amendment right to receive publications. (He also claimed that the defendants violated his due-process rights, but he does not challenge that claim's dismissal on appeal.) The defendants moved to dismiss the complaint, and the magistrate judge recommended granting their motion. Accepting the recommendation, the district judge concluded that extending *Bivens* to cover Borowski's claim would contravene the Supreme Court's decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), which strongly cautioned against creating new *Bivens* claims where an alternative remedial structure already exists to protect the constitutional right.

Borowski acknowledges that the Supreme Court has not declared First Amendment violations actionable under *Bivens*. *See, e.g., Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). Thus, on appeal, he does not meaningfully challenge the district court's reasoning. Instead, he argues that the Supreme Court's holding in *Abbasi* should be overturned because it arbitrarily eliminates judicial remedies for federal prisoners. But this court cannot disregard Supreme Court precedent; we can do no more than acknowledge that Borowski has preserved the argument. *See United States v. Faulkner*, 793 F.3d 752, 756 (7th Cir. 2015).

AFFIRMED